UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIHU LUCAS | CIVIL ACTION |
| VERSUS | NO: 19-13434 |
| BOH BROS. CONSTRUCTION CO., LLC | SECTION: "A" (3) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Elihu Lucas. Defendant, Boh Bros. Construction Co., LLC, opposes the motion. The motion, submitted for consideration on January 8, 2020, is before the Court on the briefs without oral argument. For the reasons stated herein, the motion is denied.

**I.  Background**

Elihu Lucas has sued Boh Bros. Construction Co., LLC for injuries that he sustained while riding his bicycle on May 19, 2017, on Louisiana Avenue in New Orleans, Louisiana. At the time of the incident Boh Bros. was performing work on a road and drainage reconstruction project along Louisiana Avenue. Boh Bros. was cutting and trimming nearby trees so that cranes could be used to lift large drainage pipes into place. (Rec. Doc. 1-1, First Supp. & Amend. Pet. ¶ 3). Boh Bros. employed an off-duty constable to direct traffic near the work area and to warn and prevent passersby from entering the dangerous work area. (*Id.* ¶ 4). According to Lucas, he was riding his bicycle along Louisiana Avenue when a large limb fell from a tree and struck him. Lucas

claims that there were no verbal or visual warnings to indicate that Boh Bros. was cutting trees in the area. (*Id.* ¶ 5). Lucas was taken to the emergency room and he claims significant personal injuries (and bicycle damage) as a result of the incident. Lucas initiated this suit against Boh Bros. in the Civil District Court for the Parish of Orleans.

It is undisputed that Boh Bros. was on Louisiana Avenue trimming trees that day as part of its performance of a federal drainage improvement contract with the United States Army Corps of Engineers. Boh Bros. removed the case under the auspices of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The federal defense upon which Boh Bros. relies is the government contractor defense. (Rec. Doc. 1, Notice of Removal ¶ 2).

Lucas now moves to remand the case to state court contending that this case does not meet the standard for removability under the federal officer removal statute.

## II. Discussion

Title 28, § 1442, entitled Federal Officers or Agencies Sued or Prosecuted, states in relevant part:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

To qualify for removal under § 1442(a)(1), the removing defendant must show (1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to or under a federal officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims.[1] *IntegraNet Phys. Res., Inc. v. Tex. Indep. Prov., LLC*, 945 F.3d 232, 238 (5th Cir. 2019) (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017); *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018)).

The Court discerns little controversy in the first and third requirements for federal officer removal. Boh Bros. is a "person" for purposes of the statute, and it was acting under the Corps' directions when it performed work on the drainage project at issue.[2] The point of contention arises with respect to whether Boh Bros. has a colorable federal defense to Lucas's claims, and whether the causal nexus requirement for federal officer removal is satisfied in this case. The specific federal defense alleged in the notice of removal is the doctrine of government contractor immunity established in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and its

---

[1] The Fifth Circuit has granted rehearing en banc to consider the viability of its jurisprudence regarding the fourth prong (causal nexus) of the test in light of the 2011 amendments to the federal officer removal statute. *Latiolais v. Huntington Ingalls, Inc.*, 918 F.3d 406, 411, *reh'g en banc granted*, 923 F.3d 427 (5th Cir. 2019).

[2] The Court recognizes that it has determined that the "acting under" prong is satisfied without considering whether Boh Bros. was following an explicit directive of the Corps with respect to the specific acts of negligence alleged in the petition. This was the approach taken in *St. Charles Surgical Hospital, LLC v. Louisiana Health Service & Indemnity Co.*, 935 F.3d 352, 356 (5th Cir. 2019), wherein consideration of the explicit directive vis à vis the specific acts of negligence was considered as part of the causal nexus prong. Direct oversight of the specific acts that give rise to a plaintiff's complaint is not required to satisfy the "acting under" prong of § 1442. *Zeringue*, 846 F.3d at 792.

progeny.[3] The causal nexus requirement functions to ensure a legitimate federal interest in a matter by limiting the universe of potentially removable claims to those where the specific acts or omissions upon which the plaintiff's claims are based were themselves performed under federal direction. *See Zeringue*, 846 F.3d at 794 (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998)).

Importantly, the removing defendant need not win its case at the removal stage and it need not present an "airtight case on the merits." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 432 (1999). The defendant need only demonstrate a "colorable" federal defense. A non-colorable federal defense is a defense that is immaterial and made solely for the purpose of obtaining jurisdiction or that is wholly insubstantial and frivolous.[4] *Zeringue*, 846 F.3d at 790.

The Court is persuaded that the requirements for federal officer removal are satisfied in this case notwithstanding the lack of evidence at this juncture to demonstrate that compliance with federal directives imposed by the Corps prevented Boh Bros. from conforming its conduct to

---

[3] In *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the Supreme Court concluded that independent contractors who supply military equipment to the federal government are entitled, under certain circumstances, to the same discretionary immunity defense that protects the government from state tort liability. The Supreme Court held that liability for faulty design of military equipment cannot be imposed under state law on a government contractor when, 1) the United States approved reasonably precise specifications; 2) the equipment conformed to those specifications; and 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512.

[4] Section 1442(a) is a pure jurisdictional statute that grants district courts jurisdiction over cases in which a federal officer is a defendant, but regardless of how broadly Congress defines removability under the statute, Article III of the Constitution serves as a backstop. *See Mesa v. California*, 489 U.S. 121 (1989). In *Mesa*, the Supreme Court held that federal officers cannot remove cases against them to federal court in the absence of a federal defense because without a federal defense there is no Article III subject matter jurisdiction. *Id.* at 139. Therefore, the requirement of a federal defense dictated by Article III of the Constitution could not be relaxed by any of the amendments to the removal statute.

state law.[5] At the time of the incident Boh Bros. was performing duties pursuant to its federal contract with the Corps. It is clear from the contract between the Corps and the Sewerage and Water Board of New Orleans that the federal government, which was providing most of the funding for the improvements, retained plenary control over the project. (Rec. Doc. 1-2, Exhibit 2). Tree trimming was specifically named in the magnitude of work that Boh Bros. was expected to perform when the Corps awarded the contract. (Rec. Doc. 1-3, Exhibit 3). The contract between the Corps and Boh Bros. contains provisions regarding traffic control, road closures, barricades, detours, and warning signs. (Rec. Doc. 8-4, Exhibit 4 at 4). The allegations in the petition potentially implicate issues of traffic control. Boh Bros.'s federal contractor defense may or may not have merit but it is not non-colorable. Boh Bros.'s evidence is particularly uninspiring as to the

---

[5] To be clear, the Court is not suggesting that Boh Bros. was negligent on the day of the accident. The Court notes that the incident report states that the injured cyclist ignored the constable's hand signals and verbal warnings, in addition to three traffic control barrels across the roadway in order to travel on Louisiana Avenue that day. (Rec. Doc. 8-1, Opposition Exhibit 1). Obviously, this version of events stands in stark contrast to Lucas's allegations, which govern at this juncture.

causal nexus requirement[6] but as Boh Bros. points out in its sur-reply, this is not a motion for summary judgment and no discovery has been conducted.[7] (Rec. Doc. 10-2 at 2).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Elihu Lucas, is **DENIED**.

January 10, 2020

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] Boh Bros. places far too much reliance on Judge Engelhardt's *Sewell* ruling, where the plaintiffs did not contest federal officer removal, and on Judge Barbier's *Guarisco* ruling, a case whose facts brought that case more into the realm of traffic control.(Rec. Doc. 8-2, Exhibits 2 & 3). The Johnson affidavit that Boh Bros. submitted was executed in 2016 and does not pertain to this case. In fact, nothing that the Court has seen suggests that anyone with the Corps was present on site on the day of Lucas's accident much less that anyone with the Corps directed Boh Bros.'s conduct that day. But discovery may prove otherwise. The federal contract does not appear to be detailed in its directives regarding the facts of this case. Moreover, the Court notes that the federal contract itself expressly places the responsibility on Boh Bros. to monitor traffic control devices and "make appropriate changes to correspond to conditions." (Rec. Doc. 8-4, Exhibit 4 at 4). And in the contract section governing barricades, danger, warning, and detour signs, it is Boh Bros. that must "take all necessary precautions for the protection of the work and safety of the public." (*Id.* at 5). Thus, Boh Bros.'s federal contractor defense is far from a fait acommpli in this case.

[7] As of this writing the Fifth Circuit has not issued its en banc decision in *Latiolais*. See note 1, *supra*. This Court suspects that the en banc decision will relax the causal nexus requirement in light of the 2011 amendments to the federal officer removal statute. If, however, the decision retains the more stringent causal nexus requirement employed in this circuit, Lucas may wish to move for reconsideration of the instant ruling denying his motion to remand.