UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIHU LUCAS | CIVIL ACTION |
| VERSUS | NO: 19-13434 |
| BOH BROS. CONSTRUCTION CO., LLC | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Reconsider Remand (Rec. Doc. 89)** filed by Plaintiff, Elihu Lucas. Defendant, Boh Bros. Construction Co., LLC, opposes the motion. The motion, submitted for consideration on March 1, 2023, is before the Court on the briefs without oral argument.

Elihu Lucas has sued Boh Bros. Construction Co., LLC for injuries that he sustained while riding his bicycle on May 19, 2017, on Louisiana Avenue in New Orleans, Louisiana. At the time of the incident Boh Bros. was performing work on a road and drainage reconstruction project along Louisiana Avenue. Boh Bros. was cutting and trimming nearby trees so that cranes could be used to lift large drainage pipes into place. (Rec. Doc. 1-1, First Supp. & Amend. Pet. ¶ 3). According to Lucas, he was riding his bicycle along Louisiana Avenue when a large limb fell from a tree and struck him. Lucas was taken to the emergency room and he claims significant personal injuries (and bicycle damage) as a result of the incident. Lucas initiated this suit against Boh Bros. in the Civil District Court for the Parish of Orleans.

It is undisputed that Boh Bros. was on Louisiana Avenue trimming trees that day as part of its performance of a federal drainage improvement contract with the United States Army Corps of Engineers. Boh Bros. removed the case under the auspices of the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1] Federal officer removal as conferred by 28 U.S.C. § 1442(a)(1) requires the removing defendant to show that 1) it has asserted a colorable federal defense, 2) it is a "person" within the meaning of the statute, 3) it has acted pursuant to a federal officer's (or agency's) directions, and 4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Plaquemines Parish v. Chevron USA, Inc.*, No. 22-30055, 2022 WL 9914869, at *2 (5th Cir. 2022) (not published) (citing *Box v. PetroTel, Inc.*, 33 F.4th 195, 199 (5th Cir. 2022)).

The federal defense upon which Boh Bros. relied for the first prong is the government contractor defense. (Rec. Doc. 1, Notice of Removal ¶ 2).

In December 2019, Lucas moved to remand the case to state court contending

---

[1] Title 28, § 1442, entitled Federal Officers or Agencies Sued or Prosecuted, states in relevant part:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

that the case did not meet the standard for removability under the federal officer removal statute. (Rec. Doc. 6, Motion to Remand). The Court denied that motion on January 13, 2020, after concluding that Boh Bros. had satisfied all four prongs of the test for federal officer removal. (Rec. Doc. 13, Order and Reasons). The Court's ruling pre-dated the Fifth Circuit's en banc decision in *Latiolais v. Huntington Ingalls, Inc.*, which judges, attorneys, and litigants alike were anticipating in 2020. Therefore, the Court stated in a footnote that if the Fifth Circuit were to retain the more stringent causal nexus requirement for federal officer removal, then Lucas may wish to move for reconsideration of the ruling denying his motion to remand. (Order and Reasons at 6 n.7). Of course, as most had expected, the en banc court did not retain the more stringent causal nexus requirement for removal, instead adopting a more relaxed standard based on a statutory amendment that had occurred in 2011. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc). Thus, the outcome in *Latiolais* provides no basis to revisit the remand denial in this case.

As the Court understands Lucas's motion to reconsider the denial of his 2019 motion to remand, now that extensive discovery has been completed in this case, Lucas seeks to reurge his challenge on whether Boh Bros. satisfies the first prong for federal officer removal, *i.e.*, whether Boh Bros. has asserted a colorable federal defense, which in this case is the government contractor immunity defense established in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and its progeny.[2] Lucas is confident that discovery

---

[2] In *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the Supreme Court concluded that independent contractors who supply military equipment to the federal government are entitled, under certain circumstances, to the same discretionary immunity defense that protects

has revealed that Boh Bros. cannot prevail on this defense. Of course Boh Bros.' take on the evidence is the complete opposite.

Boh Bros. has separately filed a motion for summary judgment on *inter alia* the government contractor defense. That motion is currently under submission. Boh Bros. contends that in moving to remand the case at this stage, Lucas is conflating arguments that while properly considered in opposition to the motion for summary judgment, do not support revisiting the denial of the motion to remand. The Court agrees.

The removing defendant need not win its case at the removal stage and it need not present an "airtight case on the merits." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 432 (1999). The defendant need only demonstrate a "colorable" federal defense. A non-colorable federal defense is a defense that is immaterial and made solely for the purpose of obtaining jurisdiction or that is wholly insubstantial and frivolous. *Zeringue*, 846 F.3d at 790. As the Court previously explained, Boh Bros.' federal contractor defense may or may not have merit but it is not non-colorable. (Rec. Doc. 13, Order and Reasons at 5).

Even if the Court determines that Boh Bros.' motion for summary judgment should be denied, and even if the jury rejects the federal contractor defense, that does not imply that at the time of removal the defense was not "colorable." The Court expresses no opinion as to the merits of the contractor defense in this case. The Court will have the opportunity to consider it when it

---

the government from state tort liability. The Supreme Court held that liability for faulty design of military equipment cannot be imposed under state law on a government contractor when, 1) the United States approved reasonably precise specifications; 2) the equipment conformed to those specifications; and 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512.

addresses Boh. Bros.' motion for summary judgment. But regardless of the outcome of that motion or of a trial on the merits, an adverse determination on the defense does not mean that the Court has been deprived of jurisdiction and it does not mean that the case was not properly removed to federal court.

Finally, the Court notes that it has been several months since the parties have participated in a settlement conference with the magistrate judge. Discovery has been completed and now a dispositive motion has been filed. A new magistrate judge has been assigned to this case. Therefore, the Court will order the parties to participate in a second settlement conference with the assigned magistrate judge.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Reconsider Remand (Rec. Doc. 89)** filed by Plaintiff, Elihu Lucas, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall contact the assigned magistrate judge for the purpose of scheduling a settlement conference, said conference to take place no later than **April 14, 2023.**

March 28, 2023

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE